CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, AND THE MAYOR AND COUNCIL OF THE CITY OF HOBO-KEN, A MUNICIPAL CORPORATION, PROSECUTORS, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, DEFENDANT.

Argued May 7, 1940—Decided May 16, 1940.

CITY OF NEWARK, PROSECUTOR, v. J. H. THAYER MAR-TIN, STATE TAX COMMISSIONER, DEFENDANT.

Argued May 7, 1940—Decided May 16, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the prosecutors, *Edward P. Stout, James F. X. O'Brien* and *Joseph A. Ward.*

For the defendant, *Herbert J. Hannoch, Morris Weinstein, William Newcorn* and *John F. Evans.*

PER CURIAM.

The above cases were argued together. They involve a single question, and that is the constitutionality of chapters 2 and 3 of *Pamph. L.* 1940. The Court of Errors and Appeals in *Hoboken* v. *Martin,* 123 *N. J. L.* 442, 446, in reviewing the distribution of gross receipt taxes and franchise taxes under chapters 7 and 8 of *Pamph. L.* 1938, declared the acts were unconstitutional for the following reason: "It permits an administrative officer to fix the unit of measure and provides that he shall fairly and equitably apportion the excise taxes. The statutes under consideration reveal nothing approaching a legislatively fixed or pronounced standard of admeasurement of value to aid the tax commissioner in reaching a unit of measure or equitably apportioning the taxes collected."

Shortly after the above determination the legislature enacted the statutes in question. The legislature adopted the valuation established and certified by the State Tax Commissioner for the years 1938 and 1939 as the basis for apportionment. But these statutes reveal nothing approaching a legislatively fixed or pronounced standard for the measurement of value. The statutes do not conform with the reasoning in *Hoboken* v. *Martin, supra,* or with the requirements of our constitution with respect to legislative enactments.

The public utilities involved do not question the validity of the taxes, the distribution of which the legislature sought to effect in the matter set forth in the 1938 statutes and ratified in the 1940 statutes. The distribution method of the 1938 statutes having been condemned in *Hoboken* v. *Martin, supra,* and the 1940 statutes being equally inoperative for the reason indicated, the municipalities being gravely embarrassed by reason of their inability to obtain any distribution of the tax money anticipated in their respective budgets, the invalidity of the 1938 and 1940 enactments is not to be regarded as in anywise impairing the validity of the pre-existing methods of distribution provided by the legislature.

Distribution must, therefore, be made in accordance with the manner pointed out in the statutes not declared unconstitutional, and to that end judgments may be entered.